IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY SEAS, LLC <br> and <br> HARVEY GULF INTERNATIONAL <br> MARINE, LLC <br> <br> Versus <br> <br> SHORE OFFSHORE SERVICES, LLC; <br> MODERN AMERICAN RAILROAD <br> SERVICES, L.L.C.; MARTIN <br> ENERGY SERVICES, LLC; <br> CROSBY TUGS, L.L.C.; and, <br> DAWN SERVICES, L.L.C. | CIVIL ACTION NO. <br> <br> JUDGE <br> <br> MAGISTRATE |

## ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs Harvey Seas, LLC and Harvey Gulf International Marine, LLC (collectively "Harvey Gulf") who respectfully represent as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

## VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district, specifically in waters off the coast of Port Fourchon, Louisiana.

## PARTIES

3.      Plaintiff Harvey Seas, LLC ("Harvey Seas") is a Louisiana Limited Liability Company with its principal place of business in New Orleans, Louisiana. Harvey Seas is the owner of the offshore supply vessel M/V HARVEY SEAS (IMO No. 9536222).

4.      Plaintiff Harvey Gulf International Marine, LLC ("HGIM") is a Louisiana Limited Liability Company with its principal place of business in New Orleans, Louisiana. HGIM is the operator of the M/V HARVEY SEAS.

5.      Defendant Shore Offshore Services, LLC ("Shore") is a Louisiana Limited Liability Company with its principal place of business in Gibson, Louisiana. Shore is or was at all material times the owner and/or owner *pro hac vice* of the Derrick Barge THOR (IMO No. 8639455), a non-propelled derrick barge.

6.      Defendant Modern American Railroad Services, L.L.C. ("MARS") is a Louisiana Limited Liability Company with its principal place of business in Gibson, Louisiana.  MARS is or was at all material times the operator and/or charterer of the D/B THOR.

7.      Defendant Martin Energy Services, LLC ("Martin Energy") is an Alabama Limited Liability Company with its principal place of business in Houston, Texas. Martin Energy is or was at all material times the owner and/or lessee and/or operator of a dock known as Dock 16 located in Port Fourchon, Louisiana.

8.      Defendant Crosby Tugs, L.L.C. ("Crosby Tugs") is a Louisiana Limited Liability Company with its principal place of business in Galliano, Louisiana. Crosby Tugs is the owner and/or owner *pro hac vice* of the CROSBY ENDEAVOR and the charterer and/or owner *pro hac*

*vice* of another tug owned by Dawn Services, L.L.C. ("Dawn"), the name of which is not presently known to Harvey Gulf.

9. Defendant Dawn is a Louisiana Limited Liability Company with its principal place of business in Harvey, Louisiana. Dawn is the owner and/or owner *pro hac vice* of a tug, the name of which is not presently known to Harvey Gulf.

**FACTS**

10. On the afternoon of October 28, 2020, Hurricane Zeta made landfall in Cocodrie, Louisiana, approximately thirty miles west of Port Fourchon, Louisiana.

11. At that time of the approach of Hurricane Zeta, the D/B THOR was moored to bollards at the Martin Energy dock in Port Fourchon with a crew on board waiting out the storm.

12. To assist in keeping the D/B THOR in place, she had two assist tugs with her, the CROSBY ENDEAVOR and another tug owned by Dawn but allegedly chartered to Crosby (collectively the "Assist Tugs").

13. At some point during Hurricane Zeta, the mooring lines that secured the D/B THOR to the bollards at the Martin Energy dock snapped and/or the bollards to which the mooring lines were secured failed and/or the Assist Tugs failed to keep her in place. The D/B THOR was set adrift and the crew was unable to control the vessel.

14. The M/V HARVEY SEAS, which was under charter to Anadarko Petroleum Corporation ("Anadarko") and had a crew waiting out the storm, was secured to mooring dolphins owned by C-Port and located in the Port Fourchon area.

15. The D/B THOR allided with the side of the M/V HARVEY SEAS causing significant damage to the hull including creating a gash in the side and flooding the starboard engine room.

16. As a result of being hit by the D/B THOR, the M/V HARVEY SEAS was knocked free from the dolphins to which she was moored, drifted down Bayou Lafourche, and ultimately beached on mudflats on property owned and/or managed by the Greater Lafourche Port Commission ("Port Commission").

17. Harvey Gulf has had to negotiate an access agreement with the Port Commission, arrange for surveying to be undertaken to establish property rights and locate cables, pipelines, and underwater obstructions in order to recover the M/V HARVEY SEAS from the mudflats.

18. At the time of filing this suit, the M/V HARVEY SEAS remains beached on the mudflats with plans being developed to remove her in compliance with the demands of the Port Commission and the law.

19. As a result of the allision, damage, and the fact that the vessel remains beached, Anadarko canceled the charter of the M/V HARVEY SEAS.

20. Only when the vessel has been recovered will it be possible to determine the costs of the repairs to the M/V HARVEY SEAS and whether she is a constructive total loss.

**FIRST CAUSE OF ACTION AGAINST SHORE AND MARS**
**<u>NEGLIGENCE</u>**

21. The cause of the breakaway of the D/B THOR and subsequent damages to the M/V HARVEY SEAS was the negligence of Shore and / or MARS, and their employees, crewmembers, officers, agents, and/or servants for whom they are responsible in the following non-exclusive respects:

    a. Failing to secure the D/B THOR properly when Hurricane Zara was approaching;

    b. Failing to use enough mooring lines;

    c. Failing to use mooring lines of adequate strength;

    d. Failing to have a Hurricane Plan in place and/or implement any such plan properly;

    e.    Failure to train and/or supervise the crew of the D/B THOR;

    f.    Failing to institute proper emergency procedures;

    g.    Failing to heed emergency warnings;

    h.    Failing to maintain the vessel;

    i.    Violating applicable maritime safety statutes and/or rules; and,

    j.    Other acts of negligence as may be identified in discovery

22.    Further, Harvey Gulf relies on the *Louisiana* Rule, pursuant to which when a vessel (here, the D/B THOR) is drifting or breaks from its moorings and causes damage to other vessels or property (here, the M/V HARVEY SEAS), the vessel (here, the D/B THOR) is presumed to be at fault.

23.    Further, Harvey Gulf relies on the *Pennsylvania* Rule, pursuant to which when a vessel (here, the D/B THOR) is in violation of a statutory rule designed to prevent collisions or allisions, the burden of proof shifts to the violator to show the violation was not, and could not have been, a contributing cause of the collision or allision.

## SECOND CAUSE OF ACTION AGAINST SHORE AND MARS
## UNSEAWORTHINESS

24.    Further and in the alternative, the cause of the breakaway of the D/B THOR and subsequent damages to the M/V HARVEY SEAS was the unseaworthiness of the D/B THOR in that the vessel was not reasonably fit for her intended purposes.

## THIRD CAUSE OF ACTION AGAINST MARTIN ENERGY
## NEGLIGENCE

25.    Further and in the alternative, the cause of the breakaway of the D/B THOR and subsequent damages to the M/V HARVEY SEAS was the negligence of Martin Energy and its

employees, officers, agents, and/or servants for whom they are responsible in failing to maintain its dock and/or bollards in such a way that they would not fail.

26. Further and in the alternative, Martin Energy and its employees, officers, agents, and/or servants for whom they are responsible was negligent in failing to ensure that the D/B THOR was securely moored at its dock before the approach of Hurricane Zeta.

### FOURTH CAUSE OF ACTION AGANST CROSBY TUGS AND DAWN
### NEGLIGENCE

27. Further and in the alternative, Crosby Tugs and Dawn and their respective employees, crewmembers officers, agents, and/or servants for whom they are responsible were negligent in failing to ensure that the Assist Tugs kept the D/B THOR in place during Hurricane Zeta, which was the very purpose for which the Assist Tugs were there.

### FOURTH CAUSE OF ACTION AGANST CROSBY TUGS AND DAWN
### UNSEAWORTHINESS

28. Further and in the alternative, the cause of the breakaway of the D/B THOR and subsequent damages to the M/V HARVEY SEAS was caused by the unseaworthiness of the Assist Tugs in that the vessels were not reasonably fit for their intended purposes.

### DAMAGES

29. As a result of the breakaway of the D/B THOR, her subsequent allision with the M/V HARVEY SEAS, and that vessel being knocked free and beaching on mudflats, Harvey Gulf has suffered and/or will suffer loss and damage, including but not limited to:

   a. Costs related to emergency marking and lighting of the vessel;

   b. Cost of surveying the area in which the vessel beached;

  c. Costs of removing the vessel, including dredging of canals for removal and land restoration required by the Port Commission and law;

  d. Cost of repairs to the M/V HARVEY SEAS;

  e. Loss of the charter with Anadarko;

  f. Indemnity or contribution with respect to any claims that may be asserted against Harvey Gulf as a result of the allision; and,

  g. Such other loss and damage as may be established at trial.

30. Harvey Gulf reserves the right to supplement its claim for damages as the removal and repair efforts develop, which includes the right to claim that the M/V HARVEY SEAS has become a constructive total loss as a result of the damage caused by the allision and costs of recovering the M/V HARVEY SEAS.

**WHEREFORE**, Harvey Seas, LLC and Harvey Gulf International Marine, LLC, pray that this Complaint be deemed good and sufficient and that after due proceedings be had, there be judgment in their favor against Shore Offshore Services, LLC and/or Modern American Railroad Services, L.L.C. and/or Martin Energy Services, LLC and/or Crosby Tugs, L.L.C. and/or Dawn Services, L.L.C. for all damages sought, including attorneys' fees and costs, pre-judgment and post-judgment interest, and such other legal and equitable remedies to which they are entitled.

Respectfully submitted,

**ADAM AND REESE LLP**

/s/ *Matthew C. Guy*
Edwin C. Laizer (#17014)
Johnny L. Domiano (#24383)
Matthew C. Guy, (31182)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:     504-585-0336
Facsimile:     504-553-9776
ed.laizer@arlaw.com
johnny.domiano@arlaw.com
matthew.guy@arlaw.com

**ATTORNEYS FOR HARVEY SEAS, LLC AND HARVEY GULF INTERNATIONAL MARINE LLC**